875 F.2d 903
 277 U.S.App.D.C. 346
 CITY OF NEW ORLEANS, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Jefferson Parish, Louisiana, Occidental Chemical
Corporation, System Energy Resources, Inc., Louisiana Public
Service Commission, Arkansas Public Service Commission, et
al., Mississippi Public Service Commission, Intervenors.
STATE OF MISSISSIPPI, ex rel ATTORNEY GENERAL, Petitioner
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent.
MISSISSIPPI PUBLIC SERVICE COMMISSION, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent.
ARKANSAS PUBLIC SERVICE COMMISSION, et al., Petitioners,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent.
 Nos. 88-1067, 88-1068, 88-1124 and 88-1198.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued May 8, 1989.
Decided May 26, 1989.
 
 Glen L. Ortman, with whom Clinton A. Vince and Paul E. Nordstrom, Washington, D.C., for City of New Orleans, and Robert Franklin Spencer, New Orleans, La., for State of Miss., were on the joint brief, for City of New Orleans, State of Miss. and Mississippi Public Service Com'n. Sherry A. Quirk, Washington, D.C., also entered an appearance for City of New Orleans. Richard W. Wise and Dennis Miller, Jackson, Miss., entered appearances for Mississippi Public Service Com'n.
 Steve Clark, Atty. Gen., State of Ark., and Mary B. Stallcup, Deputy Atty. Gen., Little Rock, Ark., for State of Arkansas, A. Raymond Randolph and Daniel I. Prywes, Washington, D.C., for Reynolds Metals Co., et al., Wallace L. Duncan, James D. Pembroke and Janice L. Lower, Washington, D.C., for Arkansas Public Service Com'n, and William Massey, for Arkansas-Missouri Congressional Delegations, were on the brief for Arkansas Public Service Com'n and Jefferson Parish, La., et al. Thomas Byrne, Jefferson City, Mo., entered an appearance, for Missouri Public Service Com'n.
 Samuel Soopper, Atty., F.E.R.C., with whom Catherine C. Cook, Gen. Counsel, and Jerome M. Feit, Sol., F.E.R.C., were on the brief, for F.E.R.C. John Estes and Hanford O'Hara, Attys., F.E.R.C., Washington, D.C., also entered appearances for F.E.R.C.
 Michael R. Fonham and Theodore L. Jones, Baton Rouge, La., for Louisiana Public Service Com'n and the State of La., Earle H. O'Donnell and Robert R. Morrow, for Occidental Chemical Corp. and Georgia Gulf Corp., and Richard G. Morgan, Washington, D.C., for Jefferson Parish, Louisiana, were on the joint brief for Jefferson Parish, La., et al.
 Richard M. Merriman, Robert S. Waters and James K. Mitchell, Washington, D.C., were on the brief, for Systems Energy Resources, Inc.
 Dennis Miller and Richard W. Wise, Jackson, Miss., also entered appearances, for Mississippi Public Service Com'n.
 Clinton A. Vince, Glen L. Ortman, Paul E. Nordstrom and Sherry A. Quirk, Washington, D.C., also entered appearances, for City of New Orleans.
 Before EDWARDS, SILBERMAN and BUCKLEY, Circuit Judges.
 ORDER
 PER CURIAM:
 
 
 1
 The petitions for review in this case follow a remand from this court to the Federal Energy Regulatory Commission ("FERC" or "the Commission") for further explanation of the Commission's 1985 decision allocating the cost of generating electricity among the operating companies of the Middle South Utilities System. In particular, the case was remanded to the Commission "for reconsideration of the decision to equalize the capacity costs of all nuclear plants, and for an explanation of the criteria used to determine what constitutes 'undue discrimination' and of why the Commission's ultimate decision is not unduly discriminatory." Mississippi Indus. v. FERC, 822 F.2d 1104, 1105 (D.C.Cir.), cert. denied, --- U.S. ----, 108 S.Ct. 501, 98 L.Ed.2d 499 (1987). To the extent that the present petitions for review seek to raise jurisdictional issues, we summarily reject them. This court already has upheld the Commission's exercise of jurisdiction in this case, and that issue is not properly the subject of further litigation. See Mississippi Indus. v. FERC, 808 F.2d 1525 (D.C.Cir.), vacated in part on other grounds, 822 F.2d 1104 (D.C.Cir.), cert. denied, --- U.S. ----, 108 S.Ct. 501, 98 L.Ed.2d 499 (1987).
 
 
 2
 On the record now properly before this court, we find the following: first, the Commission has fully and adequately reconsidered, on remand, its decision to equalize the capacity costs of all nuclear plants; second, FERC has adequately explained its criteria for determining what constitutes "undue discrimination;" and, third, the Commission's judgment in this case is not unduly discriminatory.
 
 
 3
 In its opinion, the Commission explained that
 
 
 4
 [p]rinciples of fairness in ratemaking support the concept that those who are responsible for the incurrence of costs be the ones who bear those cost burdens. Generating capacity is built in order to meet demand. Therefore, the cost of capacity should be allocated throughout an electric utility system in proportion to demand.
 
 
 5
 System Energy Resources, Inc., 41 F.E.R.C. p 61,238 at 61,616 (Nov. 30, 1987) (citation omitted), aff'd, 42 F.E.R.C. p 61,091 (Jan. 29, 1988). According to the Commission, "[a] cost equalization approach that fails to consider demand would ignore the very determinant that controls the need for various levels of capacity." Id. We can find no basis in the record to reject these findings of the Commission.
 
 
 6
 The Commission also explained that its criteria for determining when undue discrimination exists "were that each operating utility should contribute investments to meet the the [sic] capacity needs of the system in the long term, and that each operating utility should share in the overall capacity costs of the system in rough proportion to the benefits it receives (i.e., that its demand is met) from that system." Id. at 61,617. This reflects reasoned judgment, because "an allocation scheme that would not achieve a rough equalization of production costs on a demand basis would be, in the absence of a rational explanation, unduly discriminatory because there would be no basis for disparity among similarly situated entities." Id.
 
 
 7
 Finally, the Commission also found that a proportionate allocation of nuclear investment costs was justified by the indirect benefits provided by the nuclear units to all the companies. Id. at 61,622. For example, because of the existence of the Arkansas Nuclear One station, Arkansas Power & Light Company has extra coal-fired generation, which may become available to other companies in the pool. See System Energy Resources, Inc., 42 F.E.R.C. at 61,425. Furthermore, the presence of the nuclear units in the integrated system helps to achieve economies of scale, reductions in reserve requirements, increased reliability and efficiencies in operation. See System Energy Resources, Inc., 41 F.E.R.C. at 61,622-23.
 
 
 8
 In light of the foregoing findings and explanations, we find no merit in the petition for review. Indeed, the petitioner, while opposing the Commission's current judgment, offers no alternative for the allocation of nuclear investment costs other than to return to a method that FERC rejected with our approval. See 808 F.2d at 1555-56. In short, the petitioner's challenge in this case provides no basis whatsoever for disturbing the Commission's decision. Accordingly, we reject this challenge because we conclude that FERC's action was both rational and within the Commission's range of discretion to remedy unduly discriminatory rates.
 
 
 9
 ORDERED and ADJUDGED that the motion for summary affirmance on the jurisdictional issue be granted; and that the petition for review be denied.